UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| HEIDI ERICKSON,<br><br>    Plaintiff,<br><br>V.<br><br>VIRGIL SHANNON RENFRO, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:14-CV-265-KKC<br><br>**MEMORANDUM, OPINION, & ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on a variety of motions made by Plaintiff Heidi Erickson. She moves "to recuse Judge Karen K Caldwell" from this matter (DE 3), to proceed in forma pauperis (DE 6), to file electronically with the ECF system (DE 4), and for a temporary restraining order ("TRO"). (DE 7). For the reasons explained below, her motions will be denied.

    **I. BACKGROUND**

Erickson is no stranger to the court system. She has filed several actions in this district, and has an extensive litigation history in the federal District Court in Massachusetts. The United States Supreme Court has indicated that Erickson "has repeatedly abused this Court's process," and may not file there unless she pays the docketing fee. *Erickson v. Lau*, 559 U.S. 1104, 1104 (2010). Erickson is now an enjoined litigant in the federal District Court in Massachusetts and is unable to file lawsuits in that court without permission. *Erickson v. Massachusetts*, No. 10-10907-WGY, 2010 WL 2332153 at \*1 (D. Mass. June 4, 2010).

Defendants removed this matter to this Court on July 3, 2014 from Madison, Kentucky Circuit Court. (DE 1). In her amended complaint Erickson alleges that on February 2, 2014, the Richmond Police Department and three unknown police officers ordered Renfro's Towing to impound her RV at the Richmond Mall in violation of various state laws, as well as her Due Process rights. Erickson now asks the undersigned to recuse herself from this matter, to allow Erickson to proceed in forma pauperis, to allow her to file electronically, and to grant her a TRO. The Court will address each of Erickson's motions in turn.

**II. ANALYSIS**

**i. Motion for Recusal**

Erickson moves for the undersigned judge to recuse from this matter. (DE 3). Erickson argues that the undersigned is biased against her based on the Court's decision in another case, *Erickson v. University of Kentucky, et al.*, 05:13-CV-52-KKC. Erickson's arguments are without merit. The case Erickson refers to was originally assigned to Senior Judge Karl Forester. Judge Forester denied Erickson's motion for a TRO, granted Erickson leave to amend her complaint, and dismissed with prejudice various claims against the University of Kentucky and other defendants. Magistrate Judge Wier scheduled a telephonic conference to address a discovery dispute, and Erickson did not appear. (05:13-CV-52-KKC DE 21). Judge Wier then scheduled a show cause hearing to which Erickson again failed to appear. (05:13-CV-52-KKC DE 24). Accordingly, Judge Wier recommended dismissing the case for failure to prosecute. (05:13-CV-52-KKC DE 25). Erickson did not object to Judge Wier's report and recommendation, and therefore Judge Forester adopted it and dismissed the case. (05:13-CV-52-KKC DE 26). Sadly, Judge Forester passed away in

2

March, 2014 and the case, though closed, was reassigned to the undersigned on April 8, 2014. (05:13-CV-52-KKC DE 29).

Thereafter, the undersigned only addressed Erickson's motion to vacate and motion for reconsideration. In those orders this Court's findings were based solely on Erickson's noncompliance with the Federal Rules of Civil Procedure, the Court's orders, and the failure to prosecute her own case. (05:13-CV-52-KKC DE 30, DE 41). The Court was not biased, nor did it discriminate against Erickson for any reason. Such allegations are unsupported by the record. Accordingly, Erickson's motion for the undersigned to recuse (DE 3) is denied.

### ii. Motion to Proceed In Forma Pauperis

Erickson seeks leave to proceed in forma pauperis. However, this case was removed, and therefore, there is no filing fee. Accordingly, her motion to proceed in forma pauperis (DE 6) is denied as moot.

### iii. Motion to File Electronically

Erickson moves for permission to use the ECF electronic filing system in this matter. (DE 4). The Amended Electronic Case Filing Administrative Policies and Procedures, adopted by the United States District Courts for the Eastern and Western Districts of Kentucky provides in § 2(c) that "[a] party proceeding *pro se* shall not file electronically, unless otherwise permitted by the court." Erickson indicates that she is disabled, and it is difficult for her to go to the post office. However, Erickson has successfully filed this and many other lawsuits without using the electronic system. From the allegations in her complaint, Erickson is apparently capable of driving her RV to the Richmond Mall and would have been capable of driving her RV to see her mother in Illinois. (DE 5). Thus, while she purports to have difficulties traveling due to her disabilities and

3

the costs associated with driving, her complaint indicates that she is both capable and has sufficient resources  For these reasons, the Court finds no justification to deviate from the general rule, and Erickson's motion (DE 4) is denied.

### iv. Motion for TRO

The Court will consider four factors when determining whether to grant Erickson's motion for a TRO, namely whether: 1) the plaintiff has a strong likelihood of success on the merits; 2) the plaintiff would suffer irreparable injury without the injunction; 3) issuance of the injunction would cause substantial harm to others; and 4) the public interest would be served by issuance of the injunction. *Rio v. Blackwell*, 345 F. Supp.2d 833, 835 (N.D. Ohio 2004).  Erickson seeks a TRO that would require the immediate return of her RV, an order that Defendants refrain from "smashing" or selling the RV, and an order restraining any of the defendants from contacting her except by court process.

Erickson's complaint is nearly incomprehensible.  Furthermore, much of the complaint may suffer from problems with sovereign and qualified immunity.  The Court finds that Erickson's complaint does not have a strong likelihood of success on the merits.

Next, the Court considers whether Erickson would suffer irreparable harm without the injunction.  Erickson insists that she will suffer irreparable harm without the Court ordering her RV returned to her because her RV will be soon be sold or "smashed" (DE 7, p. 2) and because the RV provides her only source for water and air conditioning. (DE 7, p. 1). Erickson indicates that she lives in a remote cabin and uses the RV as her source of electricity, air conditioning, and water.  In support, Erickson submits a note from Tamea Evans, M.D. at Baptist Health who indicates that Erickson needs the RV for heating and cooling due to her medical problems.  (DE 7-3).  However, the crux of Dr. Evans's opinion must be that Erickson medically requires heating and cooling, not that she needs the

4

particular RV.  While Dr. Evans indicates that Erickson's RV is a "medical necessity," Dr. Evans is unable to comment on Erickson's *legal right* to the RV.  Moreover, Dr. Evans also does not indicate why Erickson medically requires the RV as opposed to other forms of shelter that would meet Erickson's cooling needs.  To that end, it is unclear why Erickson's disability check is insufficient to provide her with suitable living conditions.  Dr. Evans also provides a medical conclusion without indicating the specific harm Erickson may sustain without her RV.

Further, Erickson has failed to submit any evidence, except her own statements, that would indicate her RV is going to be sold or "smashed."  It is unclear from Erickson's motion which defendant is even in possession of the RV at this time.  She discusses a letter that threatens selling or smashing the RV, but does not attach the letter to her motion. (DE 7, p.2).  Thus, Erickson has not clearly shown that immediate and irreparable injury, loss, or damage will result before the defendants in this case can be heard.  Fed. R. Civ. P. Rule 65(b).

The final two factors also weigh against granting a TRO.  An issuance of an injunction would likely harm Renfro's Towing in that they would not receive compensation for their services.  Furthermore, from the documents attached to Erickson's motion for a TRO, the public's interests would be harmed, because the uniform citation issued to Erickson by the Richmond Police Department was for driving on a suspended or revoked license, failure to maintain proper insurance, and improper display of registration plates. Thus, the public's interest in upholding the law would be harmed by the return of Erickson's RV, which according to the citation was lawfully seized.

Accordingly, while the Court is sympathetic to Erickson's need for air conditioning in the summer months, the Court finds that the small likelihood of success on the merits of

5

her claims, coupled with the harm to the defendants and the public, outweigh the risk of harm to Erickson, particularly considering that she receives disability benefits and has not provided a reason for not seeking out other living arrangements during the litigation of this matter.

### III. CONCLUSION

Accordingly, the Court **HEREBY ORDERS** the following:

1. Erickson's motion for recusal (DE 3) is **DENIED**;

2. Erickson's motion for leave to proceed in forma pauperis (DE 6) is **DENIED AS MOOT**;

3. Erickson's motion to file electronically (DE 4) is **DENIED**;

4. Erickson's motion for a TRO (DE 7) is **DENIED**;

5. The trial on the merits in this matter **SHALL BE** consolidated with the motion for preliminary injunction in accordance with Federal Rules of Civil Procedure Rule 65(a)(2);

6. Defendants **SHALL RESPOND** to Erickson's motion for a preliminary injunction (DE 7) in accordance with the times prescribed in Local Rule 7.1;

7. Erickson **SHALL REPLY** to the defendants' response in accordance with Local Rule 7.1; and

8. A copy of this Opinion and Order **SHALL BE** mailed to Plaintiff Erickson.

This 9th day of July, 2014.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY