UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| HEIDI ERICKSON,<br><br>    Plaintiff,<br><br>V.<br><br>VIRGIL SHANNON RENFRO, d/b/a RENFRO'S TOWING, MARK SHEPHERD, RICH MITCHELL;<br><br>CITY OF RICHMOND, RICHMOND POLICE DEPARTMENT, JIMMY HOWARD, GARRETT FOWLES, LARRY BROCK, and UNKNOWN POLICE OFFICERS,<br><br>    Defendants. | CIVIL ACTION NO. 5:14-CV-265-KKC<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Heidi Erickson's motion for sanctions. (DE 15). For the reasons explained below, her motion will be denied.

**I. Background**

On June 12, 2014, Erickson filed a complaint in Madison, Kentucky Circuit Court. Erickson alleges that on February 7, 2014, the Richmond Police Department ordered Renfro's Towing to impound her RV at the Richmond Mall in violation of her civil rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, and various state laws. (DE 1-4). Defendants removed this matter to this Court on July 3, 2014. (DE 1).

Erickson, appearing pro se, filed an amended complaint substantially reiterating the facts and claims of her first complaint and seeking injunctive relief and a declaratory judgment. (DE 5). She moved for the undersigned to recuse (DE 3), to proceed in forma

pauperis (DE 6), to file electronically with the ECF system (DE 4), and for a temporary restraining order (DE 7), and the Court denied those motions. (DE 8).

On August 15, 2014, Erickson filed a motion seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure. (DE 15). While difficult to decipher, it appears that the crux of plaintiff's motion is defendants' alleged failure to file all attachments to the state court complaint in their Notice of Removal. The City of Richmond, Richmond Police Department, Jimmy Howard, Garrett Fowles, Larry Brock, and Unknown Police Officers (the "Richmond defendants") filed a response opposing sanctions, arguing that any deficiency in the Notice of Removal was inadvertent and noting that plaintiff's filings are "often in disarray" and "difficult to sort." (DE 19). The Richmond defendants also contend that Erickson has suffered no prejudice because her amended complaint appears to include the attachments to the state court complaint. (DE 19). The other defendants did not file a response.

**II. Analysis**

When an attorney submits a pleading to a federal court, the attorney certifies that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

Fed. R. Civ. P. 11(b).

An attorney may be sanctioned for violations of Rule 11(b), after the attorney is provided "notice and a reasonable opportunity to respond[.]" Fed. R. Civ. P. 11(c)(1). A party seeking to file a motion for sanctions must serve it on the opposing party pursuant to Rule 5 of the Federal Rules of Civil Procedure, but the motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The Sixth Circuit has recognized that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court[.]" *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997); *see also Uszak v. Yellow Transp., Inc.,* 343 F. App'x 102, 107–08 (6th Cir. 2009) ("Irrespective of whether Appellant engaged in sanctionable conduct . . . Rule 11 sanctions remained unavailable due to defendants' failure to comply with the safe harbor provision[.]"); *Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir. 2001) (reversing sanctions award where movant "did not follow the mandatory service procedure of Rule 11(c)[(2)]"); *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir. 1995) ("The plain language of [Rule 11] indicates that this notice and opportunity prior to filing is mandatory. Plaintiffs did not comply with this procedural prerequisite. Therefore, the sanction and payment of costs and attorneys' fees ordered by the district court cannot be upheld under Rule 11."); *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1328 (2d Cir. 1995) (reversing sanctions where party did not submit request separately and did not serve twenty-one days before filing). Here, Erickson did not wait twenty-one (21) days after service before filing the motion for sanctions with this Court. She served her motion for

sanctions on defendants on August 1, 2014, but waited only two weeks before filing the motion with this Court on August 15, 2014. Because Erickson did not comply with the procedural mandates of Rule 11(c)(3), her motion for sanctions must be denied.

Although the Sixth Circuit affords pro se litigants significant leeway, *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003), the Court is satisfied that faulting Erickson for failure to comply with Rule 11(c)(2) is not at odds with this principle. *See Metropolitan Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012). As the Court noted in its prior order,

> Erickson is no stranger to the court system. She has filed several actions in this district, and has an extensive litigation history in the federal District Court in Massachusetts. The United States Supreme Court has indicated that Erickson "has repeatedly abused this Court's process," and may not file there unless she pays the docketing fee. *Erickson v. Lau*, 559 U.S. 1104, 1104 (2010). Erickson is now an enjoined litigant in the federal District Court in Massachusetts and is unable to file lawsuits in that court without permission. *Erickson v. Massachusetts*, No. 10-10907-WGY, 2010 WL 2332153 at *1 (D. Mass. June 4, 2010).

(DE 8). In addition, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). "The procedural steps mandated by Rule 11(c)(2) are not mere technical rules, but rather serve the substantial function of 'giv[ing] the offending party a safe harbor' within which to withdraw or correct the offending pleading.'" *Metropolitan*, 502 F. App'x at 125 (alteration in original) (quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago,* 649 F.3d 539, 552 (7th Cir. 2011)). In light of these considerations, Erickson's failure to comply with Rule 11(c)(2) cannot be excused.

### III. Conclusion

For these reasons, plaintiff Heidi Erickson's motion for sanctions (DE 15) is **DENIED**.

Dated December 10, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY