UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **HEIDI ERICKSON,**<br><br>    **Plaintiff,**<br><br>V.<br><br>**VIRGIL SHANNON RENFRO, d/b/a RENFRO'S TOWING, MARK SHEPHERD, RICH MITCHELL; CITY OF RICHMOND, RICHMOND POLICE DEPARTMENT, JIMMY HOWARD, GARRETT FOWLES, LARRY BROCK, and UNKNOWN POLICE OFFICERS,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 5:14-CV-265-KKC**<br><br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on plaintiff Heidi Erickson's *pro se* motion to reconsider the Court's December 10, 2014 Memorandum Opinion and Order. (DE 24). For the reasons explained below, her motion will be denied.

**I. Background**

Plaintiff Heidi Erickson filed a *pro se* complaint in Madison, Kentucky Circuit Court, alleging that on February 7, 2014, the Richmond Police Department ordered Renfro's Towing to impound her RV at the Richmond Mall in violation of her civil rights under 42 U.S.C. § 1983, the Americans with Disabilities Act, and various state laws. (DE 1-4). Defendants timely removed the matter to this Court. (DE 1). On July 7, 2014, Erickson filed an amended complaint substantially reiterating the facts and claims of her first complaint and seeking injunctive relief and a declaratory judgment. (DE 5).

Erickson then filed a motion seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure. (DE 15). On December 10, 2014, the Court denied Erickson's motion for sanctions because she failed to comply with the procedural requirements of Federal Rule of

Civil Procedure 11(c)(2). (DE 22). Erickson now asks this Court to amend that Opinion and Order to impose sanctions against defense counsel.

## II. Analysis

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir. 2010)). To succeed, the movant must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Additionally, Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

In her motion, Erickson does not point to any intervening change in the controlling law, present any newly discovered evidence, or otherwise argue that the Court should amend its Memorandum Opinion and Order to prevent manifest injustice. Instead, Erickson appears to argue that the denial of sanctions was a "clear error of law."

Erickson contends that Rule 11(c)(2) applies only to attorneys and is inapplicable to non-attorney *pro se* litigants. Thus, she argues it was a clear error of law to deny her motion for sanctions for failure to comply with the procedural requirements of Rule 11(c)(2). Plaintiff, however, cites no case law in support of her argument. As the Court explained in its Memorandum Opinion and Order, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Indeed, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak,* 415 F. App'x 608, 613 (6th Cir. 2011). Therefore, the Court cannot say that is denial of Erickson's motion for sanctions for failure to comply with Rule 11(c)(2) was a clear error of law.

Furthermore, Erickson's motion for reconsideration is untimely. Rule 59(e) requires that a motion to alter or amend a judgment be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has "interpreted the term 'judgment' to refer to a judgment or a final order." *Keith*, 618 F.3d at 597–98 (citing *CGH Transp., Inc. v. Quebecor World, Inc.,* 261 F. App'x 817, 823 n.10 (6th Cir. 2008)). "As mandated by the language of Rule 59(e), a court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." *Id.* at 598. Here, the Court entered its Memorandum Opinion and Order denying sanctions under Rule 11 on December 10, 2014, and Erickson filed her motion for reconsideration on January 13, 2015—thirty-four days after the Court entered its order. Thus, Erickson's motion for was untimely.

### III. Conclusion

Accordingly, for the reasons stated above, **IT IS ORDERED** that plaintiff Heidi Erickson's motion to reconsider the Memorandum Opinion and Order of December 10, 2014 (DE 24) is **DENIED**.

Dated September 10, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY