UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **HEIDI ERICKSON,** | **CIVIL ACTION NO. 5:14-265-KKC** |
| **Plaintiff,** | |
| V. | **MEMORANDUM OPINION AND ORDER** |
| **VIRGIL RENFRO, d/b/a, RENFRO TOWING, et al.,** | |
| **Defendants.** | |

This matter is before the Court on Defendants' Motions for Judgment on the Pleadings (DE 31–32) and Plaintiff's Motion for Summary Judgment. (DE 41). For the reasons set forth below the Court will deny Plaintiff's motion, grant Defendants' motions in part, and remand.

## I. BACKGROUND[1]

Defendants removed this matter to this Court on July 3, 2014, from Madison Circuit Court. (DE 1). Plaintiff's amended complaint alleges that on February 7, 2014, the Richmond Police Department and three unknown police officers ordered Renfro's Towing (the company and its employees hereinafter "Renfro Defendants") to impound her RV at the Richmond Mall in violation of several of her constitutional rights, the Americans with Disabilities Act ("ADA"), and various state laws. Plaintiff claims damages for, among other things, the loss of her ability to transport her mobility scooter and loss of a portion of her home because she uses her RV for warmth when her residence becomes too cold. (DE 5 at 3.)

---

[1] The facts are recited in the light most favorable to the Plaintiff.

On April 25, 2014, Plaintiff's request for a meeting was granted by municipal officials (the city and its employees hereinafter "City Defendants"). Plaintiff explained her complaints and requested return of her vehicle after all the charges that led to her RV's towing were dismissed.[2] (DE 5 at 3.) She also claimed that the Renfro Defendant's demand for over $1,000 was inconsistent with state law. (DE 5 at 3.) Following this meeting the City Defendants attempted to negotiate the return of Plaintiff's RV, and informed Plaintiff that the Renfro Defendants would accept $300 for its release. Plaintiff declined based on her belief that Renfro's demands violated state law. (DE 5 at 4.) The City Defendants informed Plaintiff that the Renfro Defendants would be sending her a certified demand letter. (DE 5 at 4.) Plaintiff claims the letter violated Kentucky law and was fraudulent. (DE 5 at 5.)

On June 27, 2014, the state court denied Plaintiff's request for a TRO. (DE 1-6 at 2.) Shortly thereafter Defendants removed Plaintiff's remaining claims to this court. (DE 1-3 at 1.) The Renfro Defendants and the City Defendants both filed motions for judgment on the pleadings on February 9, 2015. (DE 31–32). On April 3, 2015, Plaintiff filed a motion for summary judgment. (DE 41). Responsive filings for all three motions are complete and they are now ripe for decision.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Since Defendants refer to matters outside the pleadings, their motions will be construed as motions for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[2] Defendant disputes the validity of these charges, but she does not dispute that they were filed or that they led to the order to tow. The validity of the charges is immaterial to the Court's opinion.

matter of law." Fed. R. Civ. P. 56(a). The moving parties bear the initial burden and must identify "those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322–25. Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

**B. COUNT 1 – COMMON LAW DISCRIMINATION**

Plaintiff's first Count appears to allege common law discrimination. (DE 5 at 6–7.) However, Plaintiff did not rebut Defendants' responsive claim that such an action is preempted by the Kentucky Civil Rights Act ("KCRA"). (DE 32-1 at 9–10). "Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 2006). Plaintiff has not met the burden shifted to her by the Defendants rebutting the legal basis of this claim. *See Celotex Corp. v. Catrett*,

3

477 U.S. 317, 322 (1986). Consequently, Defendants are entitled to summary judgment on Count 1.

### C. COUNTS 3, 4, & 5 – § 1983 CLAIMS AGAINST CITY DEFENDANTS

To simplify the analysis for Plaintiff's § 1983 claims the Court will begin by winnowing out claims against Defendants that can be summarily dismissed. All of Plaintiff's official capacity claims against city officials are duplicative of Plaintiff's claim against the city of Richmond and, as such, shall be dismissed. Official capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citations omitted). Likewise, municipal departments are not normally subject to suit under § 1983. *See, e.g.*, *Price v. Bishop*, 2009 WL 899624, at *2 (E.D. Ky. March 31, 2009) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991)). Dismissal of a police department is particularly sensible when, as here, the claim is duplicative of a claim against the municipality. Thus, the following analysis will address Plaintiff's § 1983 claims against city officials in their individual capacity and the city of Richmond.

#### *i. Individual Capacity Suits*

Plaintiff's personal capacity claims are barred by the Defendant's qualified immunity. "The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct does not" (1) violate a right that was (2) clearly established. *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 640 F.3d 716, 727 (6th Cir. 2011) (internal citations and quotation marks omitted). Since the City Defendant's invoked their qualified immunity (DE 32-1 at 5), Plaintiff needed to show that the Defendant officials were not entitled to the defense. *See Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2006). Plaintiff responds

only that "[t]he question of immunity remains," and represents that the undersigned "has already formed her opinions and findings" on the issue. (DE 41 at 7.) Plaintiff apparently bases the latter claim on this Court's prior opinion and order denying, *inter alia*, her motion for a Temporary Restraining Order. (DE 8 at 4.) However, as the Plaintiff notes, the Court only made findings as to her "*likelihood* of success on the merits," making only the limited statement that her "complaint *may* suffer from problems with . . . immunity." (DE 8 at 4 (emphasis added); DE 46 at 6.)

Plaintiff offers a single cause to refute the officers' claim to immunity. (DE 46 at 10 (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).) However, *Monell* does not clearly establish any right Plaintiff attempts to assert here. *Monell*, 436 U.S. at 694. Rather, *Monell* simply established that municipalities are suable under § 1983. *Id.* "A defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Wenk v. O'Reilly*, 783 F.3d 585, 598 (6th Cir. 2015) (internal citations and quotation marks omitted). Plaintiff has not provided this Court any precedent that would satisfy this standard and defeat the Officer's immunity. Thus, the Defendant officers are entitled to summary judgment.

### *ii. Municipal Suit*

Plaintiff's sole surviving § 1983 claim against the City Defendants asserts municipal liability, which requires an allegation of "an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [ ] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels.'" *Shamaeizadeh v. Cunigan*, 338 F.3d

535, 556 (6th Cir. 2003) (quoting *Monell*, 436 U.S. at 690–91), *cert. denied*, 541 U.S. 1041 (2004); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986) ("A municipality may be held liable under § 1983 for a rights violation when either the municipality had an unlawful policy or practice that caused the rights violation, or a municipal 'policymaker' directly caused the rights violation."). Plaintiff's complaint makes clear that she based her individual capacity claims, in part, on those officials' *failure* to comply with established municipal policy. (DE 5 at 7.) The conduct at issue occurred while officers were allegedly "ignoring . . . [their] duties to comply with the published Police Orders." (DE 5 at 7.) Further, Plaintiff does not allege that Chief Brock—the only potential 'policymaker' included as a Defendant—was even present when the tow was ordered. Thus, Plaintiff's § 1983 claim cannot succeed based on the municipality's active involvement.

Plaintiff also advances a "failure to train" theory. (DE 5 at 10.) This theory was approved under "limited circumstances," if and only if "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387–88 (1989). However, it will not "suffice to prove that an injury or accident could have been avoided if an officer had had better or more training." *Id* at 391. Plaintiff has not identified any specific deficiencies in the municipalities training program, nor has she pointed to a pattern of constitutional violations that would suggest such a deficiency. In fact, she alleges that the particular officer was acting outside the bounds of municipal policy. (DE 5 at 7.) Plaintiff's conclusory allegation that the municipality failed to adequately train their agents to comply with their own policies is insufficient to survive summary judgment. "In virtually every instance . . . a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the . . . incident." *City of Canton*, 489 U.S. at 392. Even viewing the facts most favorably for the

Plaintiff, that is the most she has alleged. Plaintiff has not established "the existence of an element essential to [her] case," and, thus, the city of Richmond is entitled to summary judgment on Counts 3, 4, and 5. *Celotex Corp.*, 477 U.S. at 322.

### iii, Procedural Due Process

Finally, Plaintiff puts forth a procedural due process claim. To prevail on this claim, Plaintiff must show "(1) that [s]he was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 640 F.3d 716, 729 (6th Cir. 2011) (internal citations and quotation marks omitted).

Assuming, only for purposes of this analysis, that Plaintiff was deprived of a protected property interest in her RV, this Claim would fail because the State procedures available to Plaintiff were constitutionally adequate. State procedures may be constitutionally adequate if there are "some meaningful means by which to assess the propriety of the State's action at some time after the initial taking." *Parratt v. Taylor*, 451 U.S. 527, 539 (1981).

Plaintiff protests that she "was not provided with any hearing process." (DE 46 at 8.) "The fundamental requirement of due process is the *opportunity* to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (emphasis added) (internal citations and quotation marks omitted). Due process is not infringed simply because a Plaintiff does not seize upon an available opportunity or delays application to an accessible remedial process. State law provides that "[t]he owner of a motor vehicle which has been impounded . . . may challenge the validity of such impoundment and request in writing a hearing before the hearing board . . . [to] be conducted within ten (10) business days of the date of the request." KRS § 82.625(4). Here

7

the "available post-impoundment remedy satisfied procedural due process and Takings Clause requirements." *Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004).

### D. COUNTS 3, 4, & 5 – § 1983 CLAIMS AGAINST RENFRO DEFENDANTS

Under the heading of Plaintiff's § 1983 claims, there remain several allegations against the Renfro Defendants. This Court will assume, without deciding, that the Renfro Defendants can properly be considered suable state actors under § 1983. The Renfro Defendants state that they were "acting under the orders of the Richmond Police department," and Plaintiff does not dispute this contention. (DE 31 at 5.) Thus, this Court must ask whether these Defendants' good faith reliance on city officials' orders constitutes a defense to Plaintiff's claims.

This Circuit has previously recognized a defense for good faith reliance on an attorney's advice. *Duncan v. Peck*, 844 F.2d 1261, 1268 (6th Cir. 1988). The *Duncan* court stated that "[i]t would be manifestly unjust to hold a layman liable for improper legal techniques, in the absence of any evidence that defendant knew precisely what his attorney was doing, and whether it was improper." *Id.* In so holding, the Court relied in part on the "notion that § 1983 requires that the defendant personally cause and be responsible for the infringement of the plaintiff's constitutional rights." *Id.* at 1268 n.10. The same logic justifies extending the good faith defense to the Renfro Defendants. The fault for Plaintiff's constitutional harms, if any, would lie with city officials. It is undisputed that the Renfro Defendant's acted on the advice both of the city's attorney and its police officers. To find them liable for complying with municipal officials' instructions would invite disregard for public officers' valid directives in the future. Since "there is no material question of fact as to the [Renfro Defendants'] good faith reliance" they are entitled to summary judgment on Plaintiff's § 1983 claims. *See Duncan*, 844 F.2d at 1268.

**E. COUNT 8 – ADA TITLE III**

Title III of the American's with Disabilities Act ("ADA") prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182. Plaintiff offers only the conclusory allegation that "Defendants actions were at times fraudulent . . . to take advantage of her in her disabling condition" to support her claim under this title. No facts suggest that the Plaintiffs disability was a motivating factor for any of the Defendants' actions. Moreover, the Renfro Defendants—particularly identified in this count—came to tow Plaintiff's vehicle not only without any knowledge of her physical condition, but also with clear directions to tow the vehicle from the police. Plaintiff's ADA Title III claim fails as a matter of law.

**F. COUNT 9 – ADA TITLE II**

ADA Title II prohibits discrimination in public services. 42 U.S.C. § 12132. Plaintiff's prima facie case would require her to "establish that (1) they have disabilities; (2) they are otherwise qualified; and (3) they are being excluded from participation in, being denied the benefits of, or being subjected to discrimination [by a public entity] . . . because of their disabilities." *Ewbank v. Gallatin Cnty., Ky.*, 2006 WL 197076, at *5 (E.D. Ky. Jan. 17, 2006) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003)). Plaintiff has not alleged any facts that could possibly satisfy the third prong identified above. There is no evidence suggesting Plaintiff was denied "either access to a public service, or if [s]he was, that such denial was **because of h[er] disability.**" *Thompson v. Williamson Cnty., Tennessee*, 219 F.3d 555, 558 (6th Cir. 2000) (emphasis in original). Plaintiff also asserts that the Renfro Defendants should be considered a public entity under Title II. (DE 5 at 11.) Yet, even if they were, she does not claim she was denied their towing service, nor does

9

she provide any facts indicating her treatment was any different from other towed individuals. Plaintiff's ADA Title II claims fail as a matter of law.

### G. STATE LAW CLAIMS

The balance of Plaintiff's complaint reveals a number of state law claims. She alleges violations of the Kentucky Consumer Protection Act, KRS 367.170, (Count 2); unlawful discrimination in violation of KRS 344.130 (Count 6); conversion of her RV (Count 7); and fraud under state law (Count 10). (DE 5 at 7–12.) Because all of Plaintiff's federal claims fail as a matter of law, these allegations will not be addressed here. This Court has discretion not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when, as here, all claims over which there existed original jurisdiction are dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). This matter will be remanded to the appropriate state forum for disposition of Plaintiff's remaining claims.

### III. CONCLUSION

This Court is not unsympathetic to Plaintiff's need for her RV. However, nothing involving that vehicle's removal violated federal law. Defendants are entitled to summary judgment on all of Plaintiff's claims discussed herein. No surviving claim falls within this Court's mandatory jurisdiction. Accordingly, **IT IS ORDERED** as follows:

1. Defendants' Motions for Judgment on the Pleadings (DE 31–32) are **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff's Motion for Summary Judgment (DE 41) is **DENIED**;

3. Plaintiff's common law discrimination (Count 1) is **DISMISSED WITH PREJUDICE**;

4. Plaintiff's claims under 42 U.S.C. § 1983 (Counts 3, 4, and 5) are **DISMISSED WITH PREJUDICE**;

5. Plaintiff's ADA Title III claim (Count 8) is **DISMISSED WITH PREJUDICE**;

6. Plaintiff's ADA Title II claim (Count 9) is **DISMISSED WITH PREJUDICE**;

7. This matter is **REMANDED** to the Madison County Circuit Court for resolution of Plaintiff's remaining claims (Counts 2, 6, 7, and 10);

8. This matter is **STRICKEN** from the Court's active docket.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY